UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RYAN M. KIERZAK,

                Petitioner,                Case No. 1:07-cv-1127

v.                                        Honorable Janet T. Neff

KEN McKEE,

                Respondent.
_____/

## REPORT AND RECOMMENDATION

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, I recommend that the petition be dismissed because it fails to raise a cognizable constitutional claim.

**Discussion**

I.       Factual allegations

Petitioner Ryan M. Kierzak presently is incarcerated with the Michigan Department

of Corrections and housed at the Bellamy Creek Correctional Facility.  He currently is serving a term

of 30 to 50 years' imprisonment, imposed on September 9, 2005 by the Wayne County Circuit Court

after Petitioner pleaded guilty to second-degree murder, MICH. COMP. LAWS § 750.317.

According to the habeas application and attachments, Petitioner originally was

charged with first-degree murder.  He entered into a plea agreement, under which he agreed to plead

guilty to second-degree murder with a 30-year minimum sentence.  Petitioner did not file a direct

appeal of his conviction, apparently because the decision to appeal was not made until after the one-

year statute of limitations for filing a delayed application to the Michigan Court of Appeals had

expired.  Instead, on October 31, 2006, he filed a motion for relief from judgment in the Wayne

County Circuit Court, pursuant to MICH. CT. R. 6.500 *et seq.*  After that motion was denied by the

circuit court, Petitioner sought leave to appeal to both the Michigan Court of Appeals and the

Michigan Supreme Court.  The Supreme Court denied leave to appeal on September 24, 2007, on

the grounds that Petitioner had "failed to meet the burden of establishing entitlement to relief under

MCR 6.508(D)."  Petitioner filed the instant habeas application on October 30, 2007.

In his motion for relief from judgment in the Michigan courts, Petitioner raised a

single issue:

> WHETHER DEFENDANT-APPELLANT'S SENTENCE OF 30 TO 50 YEARS IN
> PRISON FOR MURDER REPRESENTS A SIGNIFICANT DEPARTURE FROM
> THE LEGISLATIVELY MANDATED SENTENCING GUIDELINES WITHOUT
> SUBSTANTIAL AND COMPELLING REASONS ARTICULATED BY THE
> TRIAL COURT, WHICH IS IN VIOLATION OF THE STATUTE, EVEN IN [sic]

THOUGH A SENTENCE AGREEMENT EXISTED IN CONNECTION WITH THE PLEA BARGAINING PROCESS.

(Pet. Att. A at 6, docket #1-2.)  Petitioner raises the same issue in his habeas petition.

II.     Standard of review

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA).  *See Penry v. Johnson*, 532 U.S. 782, 791 (2001), *cert. denied, Texas v. Penry*, 126 S. Ct. 2862 (June 12, 2006). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002).  The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001).  An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."   28 U.S.C. § 2254(d).

III.     Sentencing error

The sole issue raised in Petitioner's application for habeas relief involves the application under Michigan law of the Michigan Sentencing Guidelines.  The court may entertain an application for habeas relief on behalf of a person in custody pursuant to the judgment of a State court in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'"

*Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, RULES GOVERNING HABEAS CORPUS CASES). The federal courts have no power to intervene on the basis of a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

Claims concerning the improper scoring of sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Cheatham v. Hosey*, No. 93-1319, 1993 WL 478854, at *2 (6th Cir. Nov. 19, 1993) (departure from sentencing guidelines is an issue of state law, and, thus, not cognizable in federal habeas review); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law). There is no constitutional right to individualized sentencing. *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987).

Although state law errors are generally not reviewable in a federal habeas proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Koras v. Robinson,* 123 F. App'x 207, 213 (6th Cir. Feb. 15, 2005) (citations omitted). *See also Doyle*, 347 F. Supp. 2d at 485 (a habeas court could set aside, "on allegations of unfairness or an abuse of

discretion, terms of a sentence that is within state statutory limits unless the sentence is so

disproportionate to the crime as to be completely arbitrary and shocking.") (citation omitted).  In the

instant case, Petitioner argues only that the sentence he accepted in his plea agreement should not

have been imposed by the sentencing court because the court did not expressly make the findings

necessary under state law to impose a sentence in excess of the guidelines range.  The requirement

that the sentencing court make express findings is created by state law, not the Constitution.  The

Due Process Clause has never been construed to require a state judge to make any particular findings

as a constitutional prerequisite to imposition of a sentence within the statutory range.  Petitioner's

sentencing claim therefore is not cognizable on habeas review.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be summarily

dismissed pursuant to Rule 4 because it fails to raise a cognizable constitutional claim.  I further

recommend that a certificate of appealability be denied.  *See Slack v. McDaniel*, 529 U.S. 473

(2000).


Dated:   November 29, 2007                          /s/  Joseph G. Scoville
                                                    United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of
service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and
responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections
may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th
Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).